FILED
U.S. District Court
District of Kansas
08/26/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JEFFREY J. SPERRY,**

**Plaintiff,**

**v.** **CASE NO. 26-3301-JWL**

**WYANDOTTE COUNTY, KANSAS,
BOARD OF COMMISSIONERS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Jeffrey J. Sperry is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action. Plaintiff is in custody at the Lyon County Detention Center in Emporia, Kansas. On August 17, 2026, the Court entered a Notice of Deficiency (Doc. 3) ('NOD") granting Plaintiff until September 16, 2026, to either pay the filing fee for this case or to submit a motion for leave to proceed in forma pauperis. The Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to comply with the NOD by the September 16, 2026 deadline, or this case may be dismissed without further notice.

Plaintiff's claims relate to his state criminal proceedings. *See State v. Sperry*, Case No. WY-1995-CR-002246 (District Court of Wyandotte County, Kansas). Plaintiff claims that he was arrested on November 27, 1995, and his preliminary hearing/arraignment was held on February 29, 1996. (Doc. 1, at 2.) He claims that on May 20, 1996, the state court allowed

Plaintiff's attorney to withdraw and replaced him with another attorney. *Id.* Plaintiff claims that depositions were held on June 6, 1996, and that "inexplicably" the trial was moved from May 28, 1996, to September 30, 1996. *Id.* at 3. Plaintiff claims that his trial was therefore 214 days after his arraignment and violated the 90-day mandate in K.S.A. 22-3402. *Id.* This violation, he argues, deprived the state court of jurisdiction and rendered his conviction void. *Id.* He argues that he has been wrongfully incarcerated for 30 years on a void judgment. *Id.* Plaintiff claims that "[b]ecause Plaintiff is still being restrained of his life and liberty under the void judgment in 95-CR-2246, the statute of limitations has not begun to run." *Id.* at 4.

Plaintiff names as defendants: the Wyandotte County, Kansas, Board of Commissioners; Jeff Zmuda, Secretary of Corrections; Kris Kobach, Kansas Attorney General; Mark Dupree, Sr., Wyandotte County District Attorney; and Jermone Goreman, former Wyandotte County District Attorney. Plaintiff seeks declaratory relief, actual and punitive damages, and injunctive relief barring Defendants from exercising dominion or control over him under the guise of a void criminal action. *Id.* at 4–5.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also* 28 U.S.C. § 1915(e)(2)(B) (where a plaintiff proceeds in forma pauperis the Court is required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from suit.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Habeas Nature of Claim and Abstention

Plaintiff attacks his 1996 criminal conviction and seeks release from imprisonment. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez*

*v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Plaintiff should show good cause why his attack on his criminal conviction and request for release should not be dismissed as improperly brought in a civil rights action.[1]

An online Kansas Court Records search[2] shows that Plaintiff filed a pro se motion to set aside void judgment on December 15, 2021, in his state court criminal case. *See State v. Sperry*, Case No. WY-1995-CR-002246 (District Court of Wyandotte County, Kansas). The motion was denied on January 21, 2022. *Id*. Plaintiff filed a pro se notice of appeal on February 23, 2022, and his case was affirmed with the mandate issuing on March 28, 2023. *Id*.

Plaintiff suggests in his current state court habeas action that his current criminal charges in Lyon County, Kansas, have initiated parole revocation proceedings in Case No. 95-CR-2246. *See Sperry v. Kansas Dep't of Corr.*, Case No. LY-2026-CV-000007 (District Court of Lyon County, Kansas) (Petition filed Jan. 16, 2026, citing criminal Case No. LY-2025-CR-000483).

Plaintiff attacks his original 1996 criminal conviction in this case, and does not appear to be challenging parole revocation proceedings. However, the Court would be required to abstain regarding any challenge to ongoing parole revocation proceedings. *See George v. Colo. Dep't of Corr*., 2015 WL 2398179, at *2 (D. Colo. 2015) (stating that *Younger* abstention applies to criminal proceedings as well as parole revocation proceedings) (citations omitted).

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1)

[1] Even if properly raised in a habeas action, any claim based solely on K.S.A. 22-3402 is insufficient to state a constitutional violation. *See Strong v. Heimgartner*, 818 F. App'x 798, 801–02 (10th Cir. 2020) (unpublished) (denying certificate of appealability and finding that claim based on alleged violation of Kansas's speedy trial statute made no "showing of the denial of a *constitutional* right") (citing 28 U.S.C. § 2253(c)(2) (emphasis added)).
[2] https://casesearch.kscourts.gov/ (last visited August 25, 2026).

state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

If parole revocation proceedings are ongoing, the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

**2. Heck Bar**

Plaintiff seeks money damages in this case. Any request for money damages would be

barred by *Heck*. *See Heck*, 512 U.S. at 482. Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Id.* If a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87. Plaintiff has not shown that his 1996 conviction or sentence has been invalidated and his state criminal docket shows his case was affirmed on appeal. Plaintiff should show good cause why his claims for money damages in this case should not be dismissed as barred by *Heck*.

## IV. Motion for Temporary Restraining Order ("TRO") (Doc. 2)

Plaintiff has filed a motion seeking a temporary restraining order. Plaintiff claims that he has been illegally restrained on Case No. 95-CR-2246 for over 30 years. (Doc. 2, at 1.) He seeks an order "barring defendants from restraining him any longer under that void judgment." *Id.*

"The [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

"Except as to notice and duration, the legal standards governing a temporary restraining order ("TRO") and a preliminary injunction are the same." *Vietti v. Welsh & McGough, PLLC*, 2022 WL 1288314, at *2 (N.D. Okla. April 30, 2022) (citing *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order.")). "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration." *Id.* (citing Fed. R. Civ. P. 65(b)).

A party seeking preliminary injunctive relief must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Derma Pen, LLC v. 4EverYoung Ltd.*, 737 F. App'x 396, 402 (10th Cir. 2018) (unpublished) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)). Whether sought through a TRO or a preliminary injunction, injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have its request granted. *Vietti*, 2022 WL 1288314, at *2 (citing *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right

to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). A mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a TRO is warranted. As set forth above, this case is subject to dismissal. Plaintiff's motion is denied.

**V. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to comply with the Court's NOD by the September 16, 2026 deadline. Failure to comply by the deadline may result in the dismissal of this case without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 25, 2026,** in which to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated

herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS SO ORDERED**.

**Dated August 26, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**