FILED
U.S. District Court
District of Kansas
10/13/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JEFFREY J. SPERRY,**

**Plaintiff,**

**v.** **CASE NO. 26-3301-JWL**

**WYANDOTTE COUNTY, KANSAS,**
**BOARD OF COMMISSIONERS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action. Plaintiff is in custody at the Lyon County Detention Center in Emporia, Kansas. On August 17, 2026, the Court entered a Notice of Deficiency (Doc. 3) ('NOD") granting Plaintiff until September 16, 2026, to either pay the filing fee for this case or to submit a motion for leave to proceed in forma pauperis. On August 26, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") provisionally granting Plaintiff leave to proceed in forma pauperis, and advising him that he remains obligated to comply with the NOD by the September 16, 2026 deadline, or this case may be dismissed without further notice. Plaintiff has filed an affidavit (Doc. 5), but he has failed to either pay the filing fee or to submit a motion for leave to proceed in forma pauperis by the deadline in the NOD.

The Court also found in the MOSC that this case was subject to dismissal. The Court ordered Plaintiff to show good cause why this case should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 6). Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC.

Plaintiff's claims relate to his state criminal proceedings. *See State v. Sperry*, Case No. WY-1995-CR-002246 (District Court of Wyandotte County, Kansas). Plaintiff attacks his

1996 criminal conviction and seeks release from imprisonment.

The Court found in the MOSC that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). The Court ordered Plaintiff to show good cause why his attack on his criminal conviction and request for release should not be dismissed as improperly brought in a civil rights action.

The Court noted that an online Kansas Court Records search[1] shows that Plaintiff filed a pro se motion to set aside void judgment on December 15, 2021, in his state court criminal case. *See State v. Sperry*, Case No. WY-1995-CR-002246 (District Court of Wyandotte County, Kansas). The motion was denied on January 21, 2022. *Id*. Plaintiff filed a pro se notice of appeal on February 23, 2022, and his case was affirmed with the mandate issuing on March 28, 2023. *Id*.

Plaintiff also seeks money damages in this case. The Court found in the MOSC that any request for money damages would be barred by *Heck*. *See Heck*, 512 U.S. 477. Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise

---

[1] https://casesearch.kscourts.gov/ (last visited August 25, 2026).

called into question. *Id*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. The Court found in the MOSC that Plaintiff has not shown that his 1996 conviction or sentence has been invalidated. The Court ordered Plaintiff to show good cause why his claims for money damages in this case should not be dismissed as barred by *Heck*.

In his response, Plaintiff argues that "the record and the calculations presented in his 2021 motion to set aside void judgment establish that the 1996 trial proceeded after the statutory speedy-trial deadline expired." (Doc. 6, at 1.) He claims that the state court lost jurisdiction and therefore his conviction and sentence resulting from the proceedings are void. *Id*. Plaintiff cites cases for the proposition that a void judgment is a nullity "and may be vacated at any time." *Id*. at 4 (citing *In re Marriage of Hampshire*, 261 Kan. 854, 862 (1997), and *In re Marriage of Welliver*, 254 Kan. 801, 804 (1994)).

Plaintiff claims that *Heck* does not apply because *Heck* addresses a claim for damages where success on the claim would necessarily imply the invalidity of an "operative" judgment, and his judgment was a nullity from its inception. *Id*. at 7. The problem with Plaintiff's argument is that he is arguing that his judgment of conviction is void, but it has not been declared void or vacated.

*Heck* plainly states that it bars money damages where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless "the conviction or sentence *has already been invalidated*." *Heck*, 512 U.S. at 487 (emphasis added). *Heck* does not state that it applies unless the plaintiff can make an argument for declaring the conviction or sentence invalid. *Heck* further states that a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87.

Plaintiff does not dispute that success in this case would call the validity of his conviction into question. Plaintiff cannot show that his conviction or sentence has been invalidated by any of the means set forth above in *Heck*. Plaintiff has not suggested that habeas relief is unavailable through no lack of diligence on his part. *See Clingerman v. City of Wichita*, 2025 WL 958257, at *4 (D. Kan. 2025) (noting the *Cohen* exception to *Heck* where habeas relief is unavailable, and finding the exception only applies where an occurrence outside of a party's control renders a habeas remedy unavailable); *see also Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010).

In fact, Plaintiff attempted to declare his conviction void in state court and his motion was denied and affirmed on appeal. Any attempt to use this Court as an avenue to appeal that decision is invalid. Under the *Rooker-Feldman* doctrine, federal district courts have no jurisdiction to consider suits "that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006); *see also Richardson v. Title IV-D Agency*, 842 F. App'x 190, 192 (10th Cir. 2021) (unpublished) (stating that "[w]hat is prohibited under *Rooker-Feldman* is a federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment") (quoting *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169,

1174 (10th Cir. 2018) (emphasis omitted)). Plaintiff's response fails to show good cause why this matter should not be dismissed based on the *Heck* bar.

Plaintiff also asks this Court to reconsider its denial of his motion for temporary restraining order, arguing that he has presented a likelihood of success on the merits. (Doc. 6, at 9–10.) However, the Court is dismissing this case and therefore he has not shown a likelihood of success on the merits. Any request to reconsider the denial of his motion seeking a temporary restraining order is denied.

Plaintiff also requests leave to amend to the extent the Court concludes that any pleading deficiency remains. *Id*. at 14. This case is being dismissed on the merits, and amendment would be futile. Therefore, any request for leave to amend is denied.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.[2]

**IT IS FURTHER ORDERED** that any request for reconsideration of the Court's denial of Plaintiff's motion seeking a temporary restraining order is **denied.**

**IT IS FURTHER ORDERED** that any request for leave to amend is **denied** as futile.

**IT IS SO ORDERED**.

**Dated October 13, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

[2] A dismissal based on *Heck* is for failure to state a claim. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011).