FILED
U.S. District Court
District of Kansas
10/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JEFFREY J. SPERRY,**

**Plaintiff,**

**v.** **CASE NO. 26-3301-JWL**

**WYANDOTTE COUNTY, KANSAS,**
**BOARD OF COMMISSIONERS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action. Plaintiff is in custody at the Lyon County Detention Center in Emporia, Kansas. Plaintiff's claims relate to his state criminal proceedings. *See State v. Sperry*, Case No. WY-1995-CR-002246 (District Court of Wyandotte County, Kansas). Plaintiff attacks his criminal conviction and seeks release from imprisonment and money damages. Plaintiff claims that his trial violated the 90-day mandate in K.S.A. 22-3402. (Doc. 1, at 3.) On October 13, 2026, the Court entered a Memorandum and Order (Doc. 7) ('M&O") dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. 9). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

On August 26, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") finding that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality

of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). The Court ordered Plaintiff to show good cause why his attack on his criminal conviction and request for release should not be dismissed as improperly brought in a civil rights action.

The Court also found that Plaintiff's request for monetary damages is barred by *Heck*. The Court noted that an online Kansas Court Records search shows that Plaintiff filed a pro se motion to set aside void judgment on December 15, 2021, in his state court criminal case. *See State v. Sperry*, Case No. WY-1995-CR-002246 (District Court of Wyandotte County, Kansas). The motion was denied on January 21, 2022. *Id*. Plaintiff filed a pro se notice of appeal on February 23, 2022, and his case was affirmed with the mandate issuing on March 28, 2023. *Id*.; *see also Sperry v. State*, 2016 WL 2942280, at *1–2 (Kan Ct. App. 2016), *review denied* April 17, 2017 (affirming the denial of Plaintiff's second K.S.A. 60-1507 motion in which one of Plaintiff's claims was that his right to a speedy trial was violated).

The Court found in the MOSC that any request for money damages would be barred by *Heck*. *See Heck*, 512 U.S. 477. Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Id*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. The Court found in the MOSC that Plaintiff has not shown that his conviction or sentence has been invalidated. The Court ordered Plaintiff to show good cause why his claim for money damages in this case should not be dismissed as barred by *Heck*.

In his response to the MOSC, Plaintiff argued that "the record and the calculations presented in his 2021 motion to set aside void judgment establish that the 1996 trial proceeded after the statutory speedy-trial deadline expired." (Doc. 6, at 1.) He claimed that the state court lost jurisdiction and therefore his conviction and sentence resulting from the proceedings are void. *Id*. Plaintiff cited cases for the proposition that a void judgment is a nullity "and may be vacated at any time." *Id*. at 4 (citing *In re Marriage of Hampshire*, 261 Kan. 854, 862 (1997), and *In re Marriage of Welliver*, 254 Kan. 801, 804 (1994)). Plaintiff claimed that *Heck* does not apply because *Heck* addresses a claim for damages where success on the claim would necessarily imply the invalidity of an "operative" judgment, and his judgment was a nullity from its inception. *Id*. at 7. The Court found that the problem with Plaintiff's argument is that he is arguing that his judgment of conviction is void, but it has not been declared void or vacated.

Plaintiff continues to make the same argument in his motion to alter or amend. Plaintiff continues to argue that his conviction is void because he was not brought to trial within the timeframe required by K.S.A. 22-3402. (Doc. 9, at 1–2.) Plaintiff claims that the state court was deprived of authority to continue his prosecution and left a nullity rather than an operative criminal judgment. *Id*. at 3.

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Heck* plainly states that it bars money damages where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless "the conviction or sentence *has already been invalidated*." *Heck*, 512 U.S. at 487 (emphasis added). *Heck* does not state that it applies unless the plaintiff can make an argument for declaring the conviction or sentence invalid. *Heck* further states that a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

Plaintiff does not dispute that success in this case would call the validity of his conviction into question. Plaintiff cannot show that his conviction or sentence has been invalidated by any of the means set forth above in *Heck*. Plaintiff continues to cite cases for the proposition that a void judgment "may be vacated at any time." (Doc. 9, at 5.) Plaintiff attempted to declare his conviction void in state court and his motion was denied and affirmed on appeal.

The Court denies Plaintiff's request to certify the issue to the Kansas Supreme Court under K.S.A. 60-3201. *See* Doc. 9, at 6–7. As set forth above, Plaintiff has raised this same issue in state court. K.S.A. 60-3201 provides for certification of a question of law to the Kansas Supreme Court "if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state." K.S.A. 60-3201. "The decision to certify is within the sound discretion of the court." *United States v. Jones*, 512 F. Supp. 2d 11193, 1194 (D. Kan. 2007) (citing *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716–17 (10th Cir. 2005) (quotation omitted)). "'Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.'" *Id.* (citations omitted). Certification is never compelled. *Id.* (citation omitted). "Motions for certification following a district court's adverse ruling are disfavored in this circuit." *Id.* (citation omitted).

Plaintiff asserts the same arguments and fails to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest

injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its October 13, 2026 Order and Judgment, and that ruling stands. Plaintiff argues, in the alternative, that the Court should state expressly that this case was dismissed without prejudice. (Doc. 9, at 1, 7.) The Court will clarify that this case was dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 9) is **denied.**

**IT IS FURTHER ORDERED** that the Court clarifies that this matter was dismissed without prejudice.

**IT IS SO ORDERED**.

**Dated October 28, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**